IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 4:18CR00198 BRW |
| | ) | |
| ROBERT MOORE | ) | |

## UNITED STATES' MOTION IN LIMINE REGARDING STATEMENTS BY THE DEFENDANT

The United States of America, by and through its attorney, Cody Hiland, United States Attorney for the Eastern District of Arkansas, and Benecia B. Moore and Liza Jane Brown, Assistant United States Attorneys for said district, for its motion in limine regarding statements by the defendant respectfully states:

1.     In this case, the defendant, Robert Moore, waived his rights and was interviewed by law enforcement officers.[1]   The defendant also made at least one recorded phone call to family members while he was detained in Pope County jail; those phone calls are recorded according to the jail's policy.   Additionally, the defendant testified at the suppression hearing on October 17, 2019.

2.     The United States has not yet decided whether it will use any of these statements (or any other statements made by the defendant) as evidence in its case-in-chief.

3.     If the United States decides *not* to use the defendant's statements, then the United States respectfully requests, by this motion, that defense counsel not be allowed to attempt to

---

[1] The defendant's interview was recorded.   If the United States decides not to present evidence of the defendant's interview, then the United States requests that the defendant not be permitted to elicit testimony or any other evidence that the interview was recorded.

1

introduce evidence pertaining to the defendant's statements because the defendant's statements - *when offered by the defendant* - are inadmissible hearsay under Federal Rules of Evidence 801 and 802.  *United States v. Sadler*, 234 F.3d 368, 372 (8th Cir. 2000) (citing *United States v. Chard*, 115 F.3d. 631, 635 (8th Cir. 1997); *see also United States v. Esparza*, 291 F.3d 1052, 1054-55 (8th Cir. 2002) (holding that defendant's statement, made at the time of his arrest, that he did not know drugs were in his trailer, was inadmissible hearsay); *United States v. Yousef*, 327 F.3d 56, 153 (2d Cir. 2003) ("[W]hile the Government was free to introduce the statement as an admission by a party-opponent, see Fed. R. Evid. 801(d)(2)(A), [the defendant] had no right to introduce it on his own."); *United States v. Wilkerson*, 84 F.3d 692, 696 (4th Cir. 1996) ("[T]he rules do not…provide an exception for self-serving, exculpatory statements made by a party which are being sought for admission by that same party.").  Attempts to offer exculpatory out-of-court statements by a defendant, co-conspirator, or agent are thus improper when elicited by a defendant.  *See*, *e.g.*, *United States v. McCraney*, 612 F.3d 1057, 1062-63 (8th Cir. 2010) (defendant's statement upon arrest); *Hughes*, 535 F.3d at 882 (defendant's statement to business partner); *United States v. Chard*, 115 F.3d 631, 634-35 (8th Cir. 1997) (defendant's statement to DEA agent); *United States v. Cianci*, 378 F.3d 71, 106 (1st Cir. 2004) (defendant's statement to undercover FBI agent); *United States v. Bishop*, 264 F.3d 535, 549 (5th Cir. 2001) (defendant's employee statement to another employee); *United States v. Abbas*, 74 F.3d 506, 511 (4th Cir. 1996) (co-conspirator statement to fellow co-conspirator); *United States v. Macey*, 8 F.3d 462, 467 (7th Cir. 1993) (defendant's statement to employee); *United States v. LaFontaine*, 87 Fed. App'x 776, 779 (2d Cir. 2004) (co-conspirator statement to investigator).  This holds true even if inculpatory parts of the same conversation are offered by the United States.  *See*, *e.g.*, *United States v. Henderson*, 626 F.3d

326, 344 (6th Cir. 2010) (recorded jail calls); *United States v. Ortega*, 203 F.3d 675, 682 (9th Cir. 2000) (interview with INS agent).

       WHEREFORE, the United State respectfully requests that the Court grant this motion in limine regarding statements by the defendant.

Respectfully submitted,

CODY HILAND
United States Attorney

BENECIA B. MOORE (2006050)
Assistant U. S. Attorney
P.O. Box 1229
Little Rock, AR 72203
Telephone:   (501) 340-2600
E-mail: Benecia.Moore@usdoj.gov
