IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 4:18CR00198 BRW |
| | ) | |
| ROBERT MOORE | ) | |

**UNITED STATES' SUPPLEMENTAL NOTICE OF INTENT TO INTRODUCE EVIDENCE OF DEFENDANT'S PRIOR CONVICTION PURSUANT TO FEDERAL RULES OF EVIDENCE 609 AND 404(b) & NOTICE OF INTENT TO INTRODUCE EVIDENCE REGARDING DEFENDANT'S AUTOBIOGRAPHY PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)**

The United States of America, by and through its attorney, Cody Hiland, United States Attorney for the Eastern District of Arkansas, and Benecia B. Moore and Liza Jane Brown, Assistant United States Attorneys, as a supplement to the arguments already presented in Doc. No. 22, states as follows:

In this case, the defendant is charged with possession with intent to distribute more than 100 kilograms of marijuana, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B). The offense date is March 22, 2018. The defendant has a prior federal felony drug conviction from the Southern District of California for conspiracy to distribute and possess with intent to distribute cocaine base and aiding and abetting distribution of cocaine base in Case No. 3:88CR936. Robert Moore also pleaded guilty to filing a false income tax return in a separate indictment. The defendant was sentenced to 300 months' imprisonment and five years' supervised release on September 25, 1989, on all charges. According to filings in the Ninth Circuit Court of Appeals, Robert Moore, as the lead defendant in a twenty-two defendant case, was the head of a narcotics distribution organization responsible for the sale of thirty to forty kilograms of crack (cocaine base) per month. *United States v. Robert James Moore*, 1995 WL

1

17067252 (9th Cir. Dec. 6, 1995). While the organization was based in San Diego, the drug was distributed throughout the country. *Id*. The number two person in the organization was his sister. *Id*. The defendant was released from the Federal Bureau of Prisons on March 27, 2008.

After his release from prison and approximately two years before the traffic-stop in this case, on February 29, 2016, the defendant published an autobiography titled, "Surrender or Die: The Autobiography of a Kingpin." The foreword states:

> Rob Dog [Robert Moore's alias] stated how he was an original Black Lords gang member from Long Beach back in the day and how as a young truck driver, he jumped into the drug selling game. He said he was making big money in Long Beach and eventually moved his drug business to the southern part of San Diego. He was became (sic) known as a Narcotic Federal Task Force most wanted kingpin. He shared how he built an underground organization into a 20 million dollar empire, with property, all kinds of fancy cars. You name it, Rob Dog said he had it all, until the feds caught up with him, seized his assets, and sentenced him to serve 23 years in federal prison.

The defendant's book is available on Amazon.com for purchase.

It is anticipated that the defendant will present a general denial defense, claiming that "he had nothing to do with anything illegal being shipped." (Doc. 33 at 1). The United States submits that testimony regarding the defendant's autobiography, detailing his knowledge and experience in trucking and as the head of a drug-trafficking organization, along with testimony regarding the defendant's conviction from the Southern District of California for conspiracy to distribute and possess with intent to distribute cocaine base and aiding and abetting distribution of cocaine base in Case No. 3:88CR936 is admissible under Rule 404(b) to prove the defendant's knowledge, intent, absence of mistake, and lack of accident in connection with the crime charged. *See United States v. Fraser*, 448 F.3d 833, 840 (6th Cir. 2006) (holding, because the defendant put the issue of his intent at issue by claiming he was "duped," excerpts from book

2

written by the defendant about how to complete a counterfeiting scheme were relevant under Rule 404(b) to show intent to commit the fraud with which he was charged).

Also, the statements made by the defendant in his autobiography are admissible non-hearsay pursuant to Fed. R. Evid. 801(d)(2) as admissions of a party opponent. Furthermore, some of the statements made in the autobiography are inconsistent with statements the defendant made to the DEA agents during his custodial interview, which are admissible to prove the defendant's intent to deceive agents upon his arrest.

In addition, should the defendant choose to testify, the United States requests that it be allowed to cross-examine the defendant regarding his prior convictions pursuant to Rule 609(a)(1)(B) and his prior statements made in his autobiography.

Federal Rule of Evidence 609(a)(1)(B) states:

> The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction: for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence . . . must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant.

In this case, because less than 10 years passed between the instant offense and the defendant's release from confinement on his prior conviction, FRE 609(b)'s time limit does not apply.

    Respectfully Submitted,

    CODY HILAND
    United States Attorney

    By: BENECIA B. MOORE (2006050)
    Assistant U.S. Attorney
    P.O. Box 1229
    Little Rock, AR 72203
    501-340-2600
    Benecia.Moore@usdoj.gov