IN THE UNTIED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 4:18CR00198 BRW |
| V. ) | |
| ) | |
| ROBERT MOORE | |

**DEFENDANT'S RESPONSE TO GOVERNMENT'S
MOTION IN LIMINE REGARDING STATEMENTS BY THE DEFENDANT**

Comes now, Defendant, **Robert Moore**, by and through his attorney, Hugh R. Laws, and for his Response, states as follows:

1. Despite the Defendant's attorney asking for the same, the Government has not identified or disclosed what portions, if any, of the Defendant's recorded interview that it may attempt to use as evidence. The Defendant's attorney had told the Government that he would be objecting to and most likely filing a motion to prevent the government's questioning on his prior convictions or acts that were inadmissible according to the Federal Rules of Evidence. The Government informed the Defendant's attorney that it would provide specifics within statements that they intend to use in the near future. However, as of this date, they have still not done so.

2. Instead, the Government has filed a Motion saying they do not know if they are going to use the Defendant's interview, but do not want the Defendant to be able to use it because it is inadmissible hearsay. (Doc. 32) In trying to best understand the Motion, it appears that the Government is asking that if it **does not** present any evidence of the Defendant's interview, then the Defendant **should not** be able to present any evidence of the interview. However, it appears that the Government states authority for them to still present portions of the interview without the Defendant being able to do so.

3.  The Defendant has several problems with the Motion on this point. It is difficult or impossible to make a determination on the motion or state proper grounds to allow or disallow portions of the statement until it is known whether the Defendant testifies, and then what portions of the statement is either party attempting to use. It could be that after the defendant testified, that he can use prior consistent statements within his interview to officers to rebut a charge of recent fabrication under Fed. Rule Evid. 801(d)(1). Also, Fed. Rule Evid. 807(a)(4) allows an exception to hearsay for the interest of justice. If the Government attempts to use some portion of the statement that is contradicted or clarified by other portions of the Defendant's statement, the Defendant should be allowed to clarify with the use of the portion that clearly contradicts the part they are using under the Rule of Completeness Fed. Rule Evid. 106. The problem here is, the Government has not identified what portions of the statement that they intend to use.

4.  At 10:57 Wednesday, January 29, 2020 the Government provided a recording of a phone call to a family member from the Pope County Detention Center. The same arguments apply to that statement. The Defendant's ability to use it under the hearsay exceptions is the same authority cited regarding the interview of the Defendant. The Defendant wonders why this phone call has not been provided earlier pursuant to Rule 16 and the Court's Pre-Trial Discovery Order.

5.  The bottom line is without knowing if the Defendant testifies and/or what statements the Government intends to use if he does or does not, it seems impossible to make a ruling or for the Defendant to cite complete authority at this time.

RESPECTFULLY SUBMITTED,
ROBERT MOORE, DEFENDANT

BY: _____
HUGH R. LAWS

Arkansas Bar No. 88129
LAWS LAW FIRM, P. A.
Attorneys at Law
Post Office Box 3000
Russellville, Arkansas 72811
PH: 479-968-1168
FAX: 479-968-5590
Email: hlaws@lawslawfirm.com

**CERTIFICATE OF SERVICE**

    I, Hugh R. Laws, attorney for the Defendant, do hereby certify that I have served a copy of the foregoing Response to Motion on Benecia Moore, AUSA, via ECF filing, on this 31st day of January, 2020.

_____
HUGH R. LAWS