*Court Instructions*

PLEASE DO NOT OPEN UNTIL COURT IS IN SESSION

# PLEASE DO NOT READ AHEAD

1

# CLOSING INSTRUCTION NO. 1

Members of the jury, the instructions I gave you at the beginning of the trial and during the trial remain in effect. I will now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now. You must not single out some instructions and ignore others, because all are important. This is true even though some of those I gave you earlier are not repeated here.

You will have copies of the instructions I am about to give you now in the jury room. I emphasize, however, that this does not mean they are more important than my earlier instructions. Each of you has a copy to follow if you want to, but please do not read ahead of me. You may make notes on your copy of the instructions during closing arguments, but please do not mark on my copy – the one where I have written "Court's Copy" on the front page.

Again, all instructions, whenever given and whether in writing or not, must be followed.

# CLOSING INSTRUCTION NO. 2

It is your duty to find from the evidence what the facts are. You will then apply the law, as I give it to you, to those facts. You must follow my instructions on the law, even if you thought the law was different or should be different.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

# CLOSING INSTRUCTION NO. 3

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, consider the witness's intelligence, the opportunity the witness had to see or hear the things testified about, the witness's memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider therefore whether a contradiction is an innocent misrecollection, or a lapse of memory, or an intentional falsehood – and that may depend on whether it has to do with an important fact or only a small detail.

# CLOSING INSTRUCTION NO. 4

You have heard testimony that Defendant made a statement to law enforcement officers. It is for you to decide:

*First*, whether Defendant made the statement; and

*Second*, if so, how much weight you should give to it.

In making these two decisions you should consider all of the evidence, including the circumstances under which the statement may have been made.

# CLOSING INSTRUCTION NO. 5

You have heard testimony from a person described as an expert. A persons who, by knowledge, skill, training, education or experience, has become expert in some field may state their opinions on matters in that field and may also state the reasons for their opinion.

Expert testimony should be considered just like any other testimony. You may accept or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, the acceptability of the methods used, and all the other evidence in the case.

# CLOSING INSTRUCTION NO. 6

Reasonable doubt is doubt based upon reason and common sense, and not doubt based on speculation. A reasonable doubt may arise from careful and impartial consideration of all the evidence, or from a lack of evidence. Proof beyond a reasonable doubt is proof of such a convincing character that a reasonable person, after careful consideration, would not hesitate to rely and act upon that proof in life's most important decisions. Proof beyond a reasonable doubt is proof that leaves you firmly convinced of a defendant's guilt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.

# CLOSING INSTRUCTION NO. 7

The Indictment in this case charges that:

On or about March 22, 2018 in the Eastern District of Arkansas, Mr. Robert Moore, knowingly and intentionally possessed with intent to distribute more than 100 kilograms, but less than 1000 kilograms, of a mixture and substance containing a detectable amount of marijuana, in violation of federal law.

Defendant has pleaded not guilty to that charge.

The Indictment is simply the document that formally charges Defendant with the crime for which he is on trial. The Indictment is not evidence. At the beginning of the trial, I instructed you that you must presume Defendant to be innocent. Thus, he began the trial with a clean slate, with no evidence against him.

The presumption of innocence alone is sufficient to find Defendant not guilty. This presumption can be overcome only if the Prosecution proved during the trial, beyond a reasonable doubt, each element of the crime charge.

There is no burden upon a defendant to prove that he or she is innocent. Instead, the burden of proof remains on the Prosecution throughout the trial.

The fact that Defendant did not testify must not be considered by you in any way, or even discussed, in arriving at your verdict.

# CLOSING INSTRUCTION NO. 8

The crime of possession of marijuana with intent to distribute, as charged in Count 1 of the Indictment, has three elements, which are:

*One*, Defendant was in possession of marijuana;

*Two*, Defendant knew that he was in possession of marijuana;

*Three*, Defendant intended to distribute some or all of the marijuana to another person; and

For you to find Defendant guilty of the crime charged in Count 1, the Prosecution must prove all of these essential elements beyond a reasonable doubt. Otherwise you must find Defendant not guilty of the crime charged in Count 1.

# CLOSING INSTRUCTION NO. 9

Intent or knowledge may be proved like anything else. You may consider any statements made and acts done by Defendant, and all the facts and circumstances in evidence which may aid in a determination of Defendant's knowledge or intent.

You may, but are not required to, infer that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.

# CLOSING INSTRUCTION NO. 10

The law recognizes several kinds of possession. A person may have actual possession or constructive possession. A person may have sole or joint possession.

A person who knowingly has direct physical control over a thing, at a given time, is then in actual possession of it.

A person who, although not in actual possession, has both the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons, is then in constructive possession of it.

If one person alone has actual or constructive possession of a thing, possession is sole. If two or more people share actual or constructive possession of a thing, possession is joint.

Whenever the word "possession" has been used in these instructions it includes actual as well as constructive possession and also sole as well as joint possession.

# CLOSING INSTRUCTION NO. 11

In conducting your deliberations and returning your verdict, there are certain rules you must follow. I will list those rules for you now.

*First*, when you go to the jury room, you must select one of your members as your presiding juror. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict – whether guilty or not guilty – must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are not partisans. You are judges – judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

*Third*, if Defendant is found guilty, the sentence to be imposed is my responsibility. You may not consider punishment in any way in deciding whether the Prosecution has proved its case beyond a reasonable doubt.

*Fourth*, if you need to communicate with me during your deliberations, you may send a note to me through the bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone – including me – how your votes stand numerically.

*Fifth*, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions. The verdict whether not guilty or guilty must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be – that is entirely for you to decide.

*Sixth*, the verdict forms are simply written notices of the decisions that you reach in this case. Please take a moment now to look over the attached form. You will take this form to the jury room, and when each of you has agreed on the verdict, your presiding juror will fill in the form, sign and date it, and advise the bailiff that you are ready to return to the courtroom.

Finally, remember also that the question before you can never be: Will the Prosecution win or lose the case? The Prosecution always wins when justice is done, whether the verdict is guilty or not guilty.